UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Reverend Beck, Ph.D.,**                                    Civil No. 06-1075 (JNE / SRN)

      **Plaintiff,**

  v.                                                              **REPORT & RECOMMENDATION**

**Dr. Stephen Craane,**

      **Defendant.**

---

Reverend Beck, Pro Se.

Carolin J. Nearing, Geraghty, O'Loughlin & Kenney, P.A., 55 East Fifth Street, Suite 1100, St. Paul, MN, 55101-1812, for Defendant Dr. Craane.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Plaintiff's Motion For Judgment As A Matter Of Law (Doc. No. 81). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, the Court recommends that the motion be denied.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, a Minnesota state prison inmate, filed a Section 1983 action in March 2006 against numerous individuals, accompanied by an application for leave to proceed in forma pauperis ("IFP") rather than the usual filing fee. (Doc. No. 1.) By Order dated March 27, 2006, Magistrate Judge Graham ruled that under the Prison Litigation Reform Act of 1995 ("PLRA"), Plaintiff is subject to the "three-strikes rule," and thus is not eligible for IFP status unless he can show that he is "under imminent danger of serious physical injury." (Doc. No. 7.) Judge Graham further ruled that the only claim in his Complaint involving such alleged injury is that

against Defendant Stephen Craane. (Id.) Therefore, Plaintiff had two choices: (1) if he chose to pursue all of his claims against all Defendants, to pay the full $250.00 filing fee, or (2) if he chose to pursue only the claim against Dr. Craane, to pay the initial partial filing fee so as to proceed IFP. (Id.)[1]

Plaintiff then paid his initial partial filing fee and this Court found him eligible for IFP status. (See Doc. No. 62.) Accordingly, all of his remaining claims–that is, those against Judge Richard H. Kyle, Magistrate Judge Franklin L. Noel, Kari Jo Ferguson, Stephen C. Rathke, Mark W. Hardy, Mary R. Vasaly, Warden Jessica Symmes, Kathy Reid, Warden Robert Feneis, and Jannette Wilson–were summarily dismissed. (Doc. No. 75 (Order of Nov. 28, 2007, adopting Report and Recommendation (Doc. No. 61).)

Furthermore, because the sole remaining Defendant had not yet been served, this Court not only deferred any ruling on the legal sufficiency of Plaintiff's claims against that Defendant, but also denied as premature certain of Plaintiff's motions, including his motion for judgment as a matter of law (Doc. No. 50) and his motion for joinder (Doc. No. 56). (Doc. No. 62.)

On December 5, 2007, Plaintiff then filed another motion for judgment as a matter of law under Rule 50.[2]

---

[1] Although Judge Graham later modified that Order to extend the deadline for Plaintiff to either pay the full filing fee or an initial partial filing fee, the March 27, 2006, Order otherwise remained in effect. (Doc. No. 13.)

[2] Concurrent with the present motion, Plaintiff filed another motion for joinder that duplicated a motion filed on October 26, 2007. He had also filed a different joinder motion on October 18, 2007. This Court has addressed Plaintiff's three motions for joinder in a separate Order.

## II.  DISCUSSION

Plaintiff presently seeks a judgment against "Defendants" Symmes, Dr. Craane, and Reid.  (Doc. No. 81, at 3, 4.)  Warden Symmes and Kathy Reid, however, are no longer parties to this action, having been dismissed due to Plaintiff's election to proceed under IFP status, thereby precluding any claims against defendants that did not fall under the "imminent danger" exception to the "three-strikes rule" under the PLRA.  Moreover, this Court has denied, by separate Order, Plaintiff's motion to join those two individuals (back in) as Defendants.  (Order of June 12, 2008.)  Accordingly, no relief, much less a motion for judgment as a matter of law, can be granted against them.

With respect to Dr. Craane, the motion is also misplaced, but for different reasons–most clearly because it is premature.  A Rule 50 motion is a trial motion that functions to question the legal sufficiency of the opponent's evidence to warrant proceeding to submission to the jury of an issue, claim or defense, see Fed. R. Civ. P. 50, but in this action discovery had barely begun when Plaintiff filed his motion.  While some courts will consider such a motion, at least on the appropriate facts, as early as after opening statements, the Ninth Circuit has rejected a Rule 50 motion at the outset of trial, that is, before the presentation of any evidence.  9B Wright & Miller, Federal Practice and Procedure § 2533, at 514-15 (3d ed. 2008); McSherry v. City of Long Beach, 423 F.3d 1015, 1019 (9th Cir. 2005) (clarifying that "Rule 50(a) presumes that a jury trial has begun").  But these minor differences of opinion are no reason to belabor the obvious point that such a motion clearly cannot be entertained before trial even commences.

Moreover, although such a motion is usually brought by a defendant to defeat a plaintiff's claim as insufficient, as a matter of law, to warrant consideration by the jury, such a motion is not necessarily improper when brought by a Plaintiff.  9B Wright & Miller, supra, §

2535, at 526.  But such a motion, even when brought at a procedurally appropriate juncture of the trial, would necessarily be premised on the argument that the evidence Plaintiff submitted to the jury permits only one conclusion–that Plaintiff is entitled to a judgment as a matter of law.  Id. at 526-27 (noting that such a judgment "is reserved for extreme cases").

Here, however, the Complaint and related materials hardly merit consideration as supporting a motion for judgment as a matter of law where a jury trial has not even begun.  Even if such a motion was somehow cognizable at this early pre-trial juncture, Plaintiff's allegations have been countered by Dr. Craane's Answer, which precludes any conclusion that Plaintiff is presently entitled to a judgment in his favor.  Nor could the motion be viewed as a mis-labeled motion for summary judgment, as discovery had barely begun, much less been completed, when Plaintiff filed the motion on December 5, 2007.[3]

In sum, Plaintiff's motion for judgment as a matter of law is grossly premature.  A motion for judgment as a matter of law is implicitly confined to the context of a jury trial.  See Fed. R. Civ. P. 50 ("Judgment as a Matter of Law in a Jury Trial").  Accordingly, the motion should be denied without prejudice to its later renewal at an appropriate juncture in the proceedings, that is, at trial, should this matter proceed that far.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's motion for judgment as a matter of law (Doc. No. 81) be DENIED WITHOUT PREJUDICE.

---

[3] This Court issued the Pretrial Scheduling Order in this action on November 28, 2007.

4

Dated:  June 12, 2008

                  s/  Susan Richard Nelson

               SUSAN RICHARD NELSON
               United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by June 27, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.